## Kramer *et al.* *versus* Marks.

1. The prohibition of the Act of April 2d 1822 (Hucksters near religious meetings) was not intended to be against traffic in all articles, but that in spirituous liquors, or strong drink, &c.

2. Fetter *v.* Wilt, 10 Wright 457, approved.

January 25th 1870. Before THOMPSON, C. J., READ, SHARSWOOD and WIILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Snyder county:* No. 235, to January Term 1870.

This was an action of trespass d. b. a. by Joseph Marks against Benneville Kramer and others. The writ was issued September 9th 1869.

The defendants were a committee of the religious denomination of "United Brethren in Christ," who were holding a camp meeting in Chapman township, Snyder county. The plaintiff was a huckster who had a stall in the vicinity (less than three miles) of the camp meeting, for the sale of various articles of food and refreshment. The evidence was conflicting as to whether the plaintiff had spirituous or fermented liquors. He was warned by a justice of the peace and constable and also by two freeholders of the county to desist and remove his stall and goods. He refused. Under the direction of the justice, constable and two freeholders, the constable seized the goods and sold them.

This proceeding was under the 1st and 2d sections of the Act of April 2d 1822: 7 Sm. L. 660; Purd. 865, pl. 4, 5.

Sect. 1. "It shall not be lawful for any person or persons to erect, place or have any booth, stall, &c., for the purpose or use of selling, giving or otherwise disposing of any kind of articles of traffic, spirituous liquors, wine, porter, beer, cider, or any other fermented, mixed or strong drink (excepting as hereinafter excepted), within three miles of any place of religious worship in this state, during the time of holding any meeting for religious worship at such place."

[Kramer *v.* Marks.]

Sect. 2. "If any person or persons shall or do violate this act by erecting, fixing or having any booth, stall, &c., for the purpose or use aforesaid, or by selling, bartering, giving or otherwise disposing of any kind of articles of traffic, spirituous liquors, wine, porter, beer, cider or other fermented, mixed or strong drink, in, at or about, any such booth, stall, &c., for the purpose aforesaid, within three miles of any place of religious worship, during the time of holding any meeting for religious worship at such place, the person or persons so offending shall first be informed of his, her or their violation of this act, and shall be warned by any justice of the peace, constable or two freeholders of the county, where the offence is or shall have been committed, to desist from such offence, and to remove such booth, stall, &c., together with all such articles, spirituous liquors, wine, porter, beer, cider or other strong drink, belonging to or in the possession of the person or persons so offending, and if such person or persons on receiving such information or warning, shall forthwith cease to offend against this act, and shall remove as aforesaid, at least three miles from such place of religious worship, then no further proceedings under this act shall be had against such person or persons; but if such person or persons shall refuse or neglect immediately to remove as aforesaid, when informed and warned as aforesaid, then all the said articles of traffic, spirituous liquors, wine, porter, beer, cider and other fermented, mixed and strong drink, and all the vessels, chests and other things containing the same, together with such booth, stall, &c., prepared or used for the purpose aforesaid, shall be and are hereby declared to be forfeited, and it shall be lawful for any justice of the peace and constable, with two freeholders of the county, to seize and take possession of all or any part of the said forfeited articles and liquors, together with such booth, stall, &c., and at any time within ten days after, to advertise and sell the same, and after deducting and paying the necessary and lawful expense of such seizure and sale, the residue of the proceeds of such sale shall be paid to the overseers of the poor of the township, &c.

The court, amongst other things, charged : 　*　　*　　*

"We cannot think that the only thing intended to be prohibited by 'any kind of traffic,' refers only to spirituous liquors, beer, &c.　To our mind, it is a very narrow construction to put on this Act of Assembly, but as we said above, this act has received a construction by the court of last resort in our state, and we feel bound by their construction, and we submit our judgment to theirs, and instruct you that the law is to be construed as that court has done in the case of Fetter *v.* Wilt, 10 Wright 459.

"This then being the law, we instruct you in the language of Justice Thompson.　The prohibition in the act is against the

[Kramer *v.* Marks.]

'traffic' in 'spirituous liquors, wine, porter, beer, cider, or any other fermented, mixed or strong drink.'

"If the plaintiff had any of these prohibited articles there for sale he was violating the law, and the defendants had a right to do as they did do, but if he had not any of these things at his booth for sale, then the law would not justify them in their acts and the plaintiff would be entitled to recover.

"If you shall believe that the plaintiff did not have any intoxicating liquors at his booth, then under the decision above referred to, the defendants would not be protected by its terms. Then if you shall so find, what damages has the plaintiff sustained?"

The verdict was for the plaintiff for $75.

The above portion of this charge was assigned for error by the defendants, who removed the case to the Supreme Court.

*J. C. Bucher* and *W. Van Gezer,* for plaintiffs in error.

*J. W. Knight* and *A. C. Simpson,* for defendant in error, cited Fetter *v.* Wilt, 10 Wright 457.

The opinion of the court was delivered, February 7th 1870, by

SHARSWOOD, J.—For myself I do most fully concur in the opinion of the present Chief Justice as expressed in Fetter *v.* Wilt, 10 Wright 457, that so much of the 2d section of the Act of April 2d 1822, Pamph. L. 286, as provides for the seizure, forfeiture and sale, of all the articles of traffic, &c., together with the booth, stall, tent, carriage, boat or vessel of any person offending against that act, is in plain violation of the declaration of rights : Const. of Penna., Art. IX., § 6, 8, 9, and therefore unconstitutional and void. It is not necessary however in this case any more than it was in that to decide that question. It was there held, and upon the soundest reason, that the prohibition of the act was not intended to be against all articles of traffic, but of traffic in "spirituous liquors, wine, porter, beer, cider or any other fermented, mixed or strong drink." It would not be proper to impute to the legislature the absurdity of this special enumeration, if the first words were meant to include all articles of traffic. It is much more reasonable to consider that the words "articles of traffic" were intended to be followed by a *videlicet* or "that is to say." The whole spirit of the law confirms this construction. As the jury found that the defendant had not violated the law according to this interpretation of it, there is no error in this record. It was not in very good taste in the court below to read to the jury the case of Fetter *v.* Wilt (if indeed they did, which does not certainly appear), especially accompanied with remarks disapproving of it, but in that there is nothing of which the plaintiffs in error have any right to complain.

Judgment affirmed.